**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MCLAUGHLIN,** | : | **CIVIL NO. 1:13-CV-2851** |
| | : | |
| **Plaintiff,** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **NELSON IANUZZI, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

This is a civil right action brought by a state prisoner.  One of the defendants in this lawsuit, Nelson Ianuzzi, has filed a potentially dispositive motion, a motion to dismiss.  (Doc. 20.)  In conjunction with this motion, Ianuzzi, has filed two motions to stay discovery pending resolution of the pending, and potentially dispositive, motion.  (Docs. 37 and 38.)  The plaintiff has not responded to these motions to stay.  Therefore, we will treat the motions as ripe for resolution.  For the reasons set forth below we will grant the defendant's request and discovery will be stayed as to defendant Ianuzzi pending resolution of the outstanding motion to dismiss.

## II.   **Discussion**

Several basic guiding principles inform our resolution of the instant discovery matter.  At the outset, the scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court."  DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decisions regarding the conduct of discovery, and whether to compel

2

disclosure of certain information, will be disturbed only upon a showing of an abuse

of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l
> Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585
> (D.N.J.1997).  When a magistrate judge's decision involves a
> discretionary [discovery] matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard."  Saldi v. Paul Revere Life Ins. Co., 224
> F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States,
> 943 F.Supp. 501, 502 (E.D.Pa.1996)).  Under that standard, a magistrate
> judge's discovery ruling "is entitled to great deference and is reversible
> only for abuse of discretion."  Kresefky v. Panasonic Commc'ns and
> Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v.
> BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
> (holding that discovery rulings are reviewed under abuse of discretion
> standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223
> F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
> resolution of discovery disputes deserves substantial deference and
> should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

   We note that this broad discretion over discovery matters extends to decisions

under Rule 26(c) relating to the issuance of protective orders limiting and regulating

the timing of discovery.  Indeed, it is undisputed that:  " '[t]he grant and nature of [a

protective order] is singularly within the discretion of the district court and may be

reversed only on a clear showing of abuse of discretion.' <u>Galella v. Onassis</u>, 487 F.2d

986, 997 (2d Cir.1973) (citation omitted)." <u>Dove v. Atlantic Capital Corp.</u>, 963 F.2d

15, 19 (2d Cir. 1992).

This discretion is also guided, however, by certain basic principles.  One of

these cardinal principles, governing the exercise of discretion in this field, is that the

district court may properly defer or delay discovery while it considers a potentially

dispositive pretrial motion, provided the district court concludes that the pretrial

motion does not, on its face, appear groundless.  <u>See, e.g.</u>, <u>James v. York County</u>

<u>Police Dep't</u>, 160 F.App'x 126, 136 (3d Cir. 2005); <u>Nolan v. U.S. Dep't of Justice</u>,

973 F.2d 843,849 (10th Cir. 1992); <u>Johnson v. New York Univ. Sch. of Ed.</u>, 205

F.R.D. 433, 434 (S.D.N.Y. 2002).  Briefly deferring discovery in such a case, while

the court determines the threshold issue of whether a complaint has sufficient merit

to go forward, recognizes a simple, fundamental truth:  Parties who file motions

which may present potentially meritorious and complete legal defenses to civil

actions should not be put to the time, expense and burden of factual discovery until

after these claimed legal defenses are addressed by the court.  In such instances, it is

clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially
> dispositive motion where the motion 'appear[s] to have substantial
> grounds' or, stated another way, 'do[es] not appear to be without

foundation in law.' "   In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that discovery should be stayed at this time. We note that the defendant has filed a potentially dispositive motion in this case. The merits of these claims are currently being addressed by the Court, ensuring a very prompt resolution of these motions. In this setting, we conclude, consistent with settled case law, that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore, we will defer further discovery pending resolution of the outstanding motion to dismiss. An appropriate order follows:

## III.  **Order**

Accordingly, for the foregoing reasons, the defendant's motions to stay (Docs. 37 and 38.) are GRANTED and discovery is STAYED as to defendant Ianuzzi pending resolution of the motion to dismiss filed in this action.

So ordered this 1st day of August, 2014.

***<u>S/Martin C. Carlson</u>***
Martin C. Carlson
United States Magistrate Judge
