**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES MCLAUGHLIN, | : | Civil No. 1:13-CV-2851 |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| LT. HART, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

The plaintiff, a state inmate, has filed a *pro se* complaint on November 22, 2013, which he later amended on December 11, 2013. (Docs. 1 and 10.) On January 5, 2015, McLaughlin filed a motion for leave to file a second amended complaint. (Doc. 61.)

This motion was not accompanied by a brief. This failure to file a brief has consequences for McLaughlin since we are entitled to deem the plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief in a timely fashion. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v.

Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

Furthermore, while McLaughlin attached a proposed amended complaint to his motion, that motion has not complied with all of the requirements of our Local Rule 15.1 which provides that:

> **LR 15.1 Amended Pleadings.**
> **(a) Proposed amendment to accompany the motion.**
> When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion.  If the motion is granted, the clerk shall forthwith file the amended pleading.  Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date the court grants leave for its filing.  A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.
> **(b) Highlighting of amendments.**
> The party filing the motion requesting leave to file an amended pleading shall provide:  (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type.

Given these shortcomings in McLaughlin's pleadings, we cannot engage in an informed assessment of this motion. Therefore, this motion to amend (Doc. 61.) will be DENIED without prejudice to the filing of a motion which complies with the rules of this court.

So ordered this 17th day of June, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
